IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RONALD LEWIS COLE and BELINDA COLE § § § § Plaintiffs, § § VS. § TOYOTA MOTOR CORPORATION § § Defendant. § | CIVIL ACTION NO. 2-02CV-257 |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs are husband and wife and reside in Baytown, Harris County, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Facts

4. On November 16, 2000, Plaintiff Ronald Lewis Cole was driving his 1999 Toyota 4 Runner (VIN # JT3HN87RXX0208439), traveling in the inside lane northbound on Highway 146 South, in Baytown, Harris County, Texas when he hit a pool of water which caused his vehicle to hydroplane and lose control. Because the vehicle lost control, Plaintiff contacted a concrete wall causing the vehicle to roll two times.

5. At the time of the accident, Ronald Lewis Cole was properly wearing his 3-point belt.

## D. Cause of Action
## As To Defendant Toyota Motor Corporation

6. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

7. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because the vehicle is prone to lose control due to handling and control problems.

8. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the vehicle is unsafe and dangerous. Further, the vehicle has inadequate handling and control characteristics which make the vehicle unstable.

9. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

10. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

11. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Ronald Lewis Cole's injuries.

### E. Damages to Plaintiffs

12. As a result of the acts and/or omissions of Defendant, Plaintiff Ronald Lewis Cole has suffered pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of his injuries.

13. As a result of the acts and/or omissions of Defendant, Plaintiff Ronald Lewis Cole has suffered lost wages in the past and diminished earning capacity into the future as a result of his injuries.

14. As a result of the acts and/or omissions of Defendant, Plaintiff Ronald Lewis Cole has experience physical impairment and disfigurement as a result of his injuries into the past and in all likelihood, will into the future as a result of his injuries.

15. As a result of the acts and/or omissions of Defendant, Plaintiff Belinda Cole has suffered a loss of consortium in the past and in the future because of the injuries to her husband.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiff have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

17. For these reasons, Plaintiffs ask for judgment against Defendant for

    a.    actual damages;
    b.    prejudgment and post-judgment interest beginning November 16, 2000;
    c.    costs of suit; and
    d.    all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFFS**